[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO OPEN AND MODIFY DATEDOCTOBER 28, 1996
The Plaintiff has moved to modify the order of support as to minor children claiming a substantial change in circumstances and also to modify visitation.
PROCEDURAL HISTORY
The marriage of the Plaintiff and the Defendant was dissolved by order of the Court, Hurley J. on January 16, 1992 as of record appears.
The order of support as set forth in the Judgment was $71.00 per week per child for a total of $213.00 weekly for the three children to be paid by the Plaintiff to the Defendant.
The order as to visitation provided for reasonable rights of visitation to the Plaintiff with 24 hour notice to the Defendant.
On August 15, 1994 the Judgment was modified in CT Page 303-R accordance with an agreement filed August 15, 1994 and accepted by the Court, Teller J.
This agreement modified child support to $240.00 per week, reducible to $200.00 per week commencing October 28, 1994 when the oldest child, Jennifer, attained her majority.
The Plaintiff and the Defendant and their respective counsel appeared before the Court on January 21, 1997 and were heard.
FINDINGS OF FACT
The Court makes the following findings of fact.
The oldest child of the Plaintiff and the Defendant, Jennifer Ann, attained her majority on October 28, 1994, she is now age 20, graduated from high school, attended a few months at Mitchell College and is presently unemployed.
The middle child, Sarah Nicole, is age 16 and has dropped out of high school.
The youngest child, Anthony Thomas, age 8, is in the second grade. CT Page 303-S
The Defendant mother, Wendy A. Greco, now Kotecki, graduated from Quinnipiac College in May 1995 and now works as a therapeutic assistant involving activities for the elderly for which she receives $10.75 per hour for a 40-hour week.
According to her financial affidavit, the Defendant's net income from all sources including the current support order is $563.96.
Her total weekly expenses are $568.75.
The Plaintiff is employed by the United States Postal Service at Oneonta, New York. He has been so employed since 1981 as a letter carrier and is at the Q5 level of compensation.
Plaintiff has a work-related disability.
Plaintiff has medical coverage for the two minor children with Blue Cross Blue Shield.
Plaintiff's weekly gross income is $702.91, and net $518.79.
Plaintiff's total weekly expenses according to his CT Page 303-T January 21, 1997 affidavit are $646.83.
Plaintiff's weekly gross income as reflected on his August 15, 1994 financial affidavit was $702.40.
Both the Plaintiff and the Defendant have remarried.
The children Sarah Nicole and Anthony Thomas have both received psychiatric counseling.
Anthony is afflicted with Attention Deficit Syndrome and receives the medication Ritalin.
Sarah has been in partial hospitalization over the last two years.
Anthony has been treated and diagnosed by the Newington Children's Hospital. His attending physician is Dr. Gardner.
Visitation between the children and the Plaintiff father has at best been intermittent.
Jennifer, of course, is now an adult and can decide for herself as to visitation with her parents. CT Page 303-U
Sarah has apparently evidenced no strong desire to visit with her father, although he represents Sarah is welcome in his home.
The strongest relationship would appear to be between Anthony and the Plaintiff.
The Plaintiff, on the basis of the guideline worksheet, asks the Court to lower the support payment from $200.00 per week to $179.00 per week.
The Plaintiff also asks for four consecutive, uninterrupted weeks of summer visitation with the child, Anthony Thomas.
With the problems that beset the two youngest children, the Court's primary concern is to have as stable an environment as possible for them, at least from an economic or financial point of view.
It is fortunate that the Defendant wife has gotten a college degree.
The Plaintiff's expenses per his affidavit of January CT Page 303-V 21, 1997 appear to have increased by $116.00 over his August 15, 1994 affidavit.
While the Court is mindful of the guideline worksheet computation which suggests $179.00 a week, the Court feels that the Defendant needs every penny to try and maintain economic stability for the children.
The Court will modify the support order to $185.00 per week.
The Court will not make the order retroactive to the date of the motion because of the overall modest circumstances of the Defendant and the needs of the children.
As to the visitation, the Court, in addition to the reasonable rights of visitation existing, will grant Plaintiff's request in part and allow three weeks consecutive, uninterrupted visitation between the Plaintiff and his son, Anthony Thomas.
The Plaintiff is to ensure that all medications required for Anthony are adhered to and administered in accordance with any prescription or medical order during the aforementioned visitation.
Payment of support will not be reduced during the CT Page 303-W aforesaid three week visitation, mindful of the Court's concern for as much financial stability as possible for the children.
The Plaintiff may have his son Anthony Thomas for a three-day Christmas visitation; the day before, Christmas Day, and the day after, commencing with Christmas 1997 and alternating Christmas thereafter. The Plaintiff shall bear the expense of transportation between Connecticut and New York and be responsible for making reasonable arrangements for pick up and drop off.
Both parties shall provide health insurance for the benefit of the minor children as available through their respective employment with the Plaintiff being the party primarily responsible therefor.
Both the Plaintiff and the Defendant are encouraged to do all within their power to effect Sarah Nicole's return to school.
The Court has considered the provisions as set forth in Connecticut General Statute §§ 46b-56, 46b-84, and 46b-86 in arriving at its decision.
Austin, J. CT Page 303-X